# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:17-CR-009 JD |
| ) | 3:17-CV-978 JD |
| NATHAN KELLOGG ) | |

## OPINION AND ORDER

Defendant Nathan Kellogg pled guilty to four counts of Hobbs Act robbery, 18 U.S.C. § 1951, each associated with a separate armed robbery. In each of the robberies, Mr. Kellogg drove his co-defendant, Timothy Bennitt, to and from the sites, while Mr. Bennitt entered the stores or restaurants, brandished or referenced a firearm, and committed the robberies. After their arrests, Mr. Kellogg and Mr. Bennitt each confessed their involvement in the robberies. Mr. Kellogg subsequently entered a plea agreement in which he admitted that he knowingly assisted Mr. Bennitt's commission of the armed robberies. In return for his guilty plea, the government dismissed an additional charge for brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The Court sentenced Mr. Kellogg to 85 months of imprisonment, and Mr. Kellogg did not appeal.

Now proceeding pro se, Mr. Kellogg filed a motion under 28 U.S.C. § 2255, seeking to vacate his sentence on the basis that he received ineffective assistance of counsel at sentencing. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Here, it plainly appears from the motion and the record of prior proceedings that Mr. Kellogg is not entitled to relief on his claim, so the Court dismisses his motion.

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) that he was prejudiced by the deficiencies in his counsel's performance, meaning that there is a reasonable probability that the results of his sentencing hearing would have been different with effective representation. *Strickland v. Washington*, 466 U.S. 687 (1984); *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005).

Mr. Kellogg primarily argues that his attorney was ineffective for failing to object to a 5-level enhancement under § 3B3.1(b)(2) of the Sentencing Guidelines, which applies "if a firearm was brandished or possessed." There is no question that Mr. Kellogg's co-defendant brandished or possessed a firearm during each of the robberies. However, Mr. Kellogg argues that he should not have received this enhancement because he was "merely the getaway driver" and never "set foot in the robberies" himself, and that only his co-defendant brandished or possessed a firearm. [DE 75 p. 1]. This argument relies on the premise that the guidelines are based only on a defendant's own conduct, not the conduct of any co-defendants, but that premise is mistaken. In calculating the guideline range, a court must consider not only the defendant's own actions, but also any other individuals' actions that were "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." § 1B1.3(a)(1).

Mr. Kellogg does not offer any basis on which counsel could have argued that those elements were not met here as to the brandishing or possession of the firearm—he argues only that he did not brandish or possess the firearm himself, which is beside the point. In addition, the facts plainly support the enhancement. Mr. Bennitt's brandishing and possession of a firearm while demanding money from the victims was within the scope of and in furtherance of the

2

robberies that he and Mr. Kellogg undertook to commit. And it was not only foreseeable to Mr. Kellogg that Mr. Bennitt would possess a firearm, he actually knew that Mr. Bennitt would do so; he confessed to the involvement of a firearm in the robberies, and even noted that he took the ammunition out of the firearm before the latter robberies so that Mr. Bennitt would not shoot anyone. Defense counsel noted that fact at sentencing as a mitigating factor, and absent any reason to believe that an objection to this enhancement would have been successful, it was reasonable for counsel to address this factor in that manner. Accordingly, Mr. Kellogg did not receive ineffective assistance in this respect, nor has he shown any possibility of prejudice from this alleged error.

Mr. Kellogg also argues that his attorney failed to clarify that one of his previous convictions noted in the Presentence Report had been converted from a felony to a misdemeanor. That clarification would have had no effect on the outcome of the sentencing hearing, though. That distinction would not have altered the calculation of the Guidelines' sentencing range, nor would it have caused the Court to impose a different sentence. In considering the factors under § 3553(a), the Court is concerned more with the nature of the conviction and the conduct it entails, as opposed to whether it is labeled a felony or misdemeanor. And as the Court discussed at sentencing, Mr. Kellogg has a lengthy criminal history that includes multiple other felony convictions. Thus, characterizing this one conviction as a misdemeanor instead of a felony would not have caused the Court to impose a different sentence. Mr. Kellogg therefore suffered no prejudice as a result of any oversight in this regard.

Finally, Mr. Kellogg argues that the § 924(c) charge that was dismissed pursuant to the plea agreement was invalid, as he contends that Hobbs Act robbery is not a crime of violence under § 924(c). He suggests that the threat of a § 924(c) charge may have affected his attorney's

decisions at sentencing (though it's not clear how that charge, which was already being dismissed pursuant to the plea agreement, could have done so). First, however, as just discussed, Mr. Kellogg has not identified anything else that his attorney could have done at sentencing that would have benefitted him, so Mr. Kellogg has not suffered any prejudice. And second, the Seventh Circuit has repeatedly held that Hobbs Act robbery *is* a crime of violence under § 924(c) and can support a conviction for that offense. *E.g.*, *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Allen*, 702 F. App'x 457, 459 (7th Cir. 2017); *United States v. Starwalt*, 701 F. App'x 508, 509 (7th Cir. 2017). In arguing to the contrary, Mr. Kellogg cites only the Tenth Circuit's opinion in *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017). However, that decision addressed only whether Hobbs Act robbery qualifies as a crime of violence under the Sentencing Guidelines; it specifically noted that its holding does not apply to § 924(c), which uses a different definition of that term. *Id.* at 1158. Therefore, *O'Connor* is inapplicable to Mr. Kellogg's case.

For those reasons, the Court finds that it plainly appears that Mr. Kellogg is not entitled to relief under § 2255, so the Court DISMISSES his motion and DIRECTS the Clerk to enter judgment accordingly. For the same reasons, the Court DENIES the issuance of a certificate of appealability, as the claim is not sufficient to deserve encouragement to proceed further and its resolution is not debatable. The Court advises Mr. Kellogg that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Kellogg that any notice of appeal must be filed within 60 days after judgment is entered on this motion. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir.

2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

SO ORDERED.

ENTERED: January 9, 2018

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court